FILED
2016 Jul-12 PM 01:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| TANYA BRASHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 6:16-cv-00751-JHE |
| ) | |
| MARION REGIONAL MEDICAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**[1]

Plaintiff Tanya Brasher and Defendants Marion Regional Medical Center, North Mississippi Health Services, North Mississippi Health Systems, and Trilogy Healthcare Solutions jointly move for approval of their settlement agreement. (Doc. 13). The parties seek approval of the terms of their settlement agreement on Brasher's claims under the Equal Pay Act. (*Id.*). For the reasons set forth below, the Court approves the parties' settlement.

**I. Background Facts**

Brasher filed this action on May 6, 2016. (Doc. 1). She alleges claims under the Equal Pay Act provisions ("EPA") of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*. On February 10, 2016, the parties mediated the complaint, among other claims, at the Birmingham District Office of the United States Equal Opportunity Commission. (Doc. 13 at 3). At the mediation, the parties reached a settlement, the terms of which are

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 15).

1

contained in the Confidential Full and Complete Release of All Claims and Nondisclosure Agreement (the "Agreement").

Under the Agreement, Defendants have agreed to pay Brasher a specified amount to settle her claims for unequal pay. The parties have provided the Agreement, (doc. 24, SEALED), which the undersigned has reviewed. The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute regarding Brasher's compensation. (Doc. 13 at 5).

## II. Analysis

The FLSA provides that employers are prohibited from discriminating between employees on the basis of sex by paying lower wages to employees of one sex than the employer pays to employees of the opposite sex for equal work. *See* 29 U.S.C. § 206(d)(1); *id.* § 215(a)(2). It further prohibits retaliation against an employee for exercising rights under the FLSA. *Id.* § 215(a)(3). Because any amounts owed in violation of this provision are deemed unpaid wages, *id.* § 206(d)(3), an employer who violates the FLSA is liable to its employee for both unpaid compensation and for an equal amount in liquidated damages, *id.* § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action. *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the

settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the court should consider the following factors:

> 1. the existence of fraud or collusions behind the settlement;
> 2. the complexity, expense, and likely duration of litigation;
> 3. the stage of the proceeding and the amount of discovery completed;
> 4. the probability of success on the merits;
> 5. the range of possible recovery; and
> 6. the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Here, there is no indication of fraud or collusion. All parties were represented by counsel, and the parties have expressed their belief the amount to be paid under the settlement is "above and beyond the amounts that would be due and owing for the dispute as to equal pay," (doc. 13 at 5). The payments take into account the likelihood of success and the amount Brasher might recover if she prevailed on her claim. The confidential payments to Brasher to settle her claims for unpaid compensation and liquidated damages are fair, reasonable, and adequate.

The complexity, expense, and expected duration of continued litigation also militate in favor of this settlement. The parties continue to disagree over the merits of Brasher's claim, the amount of compensation owed to her, and whether she is entitled to liquidated damages. (Doc. 13 at 3-4). Both parties acknowledge the settlement is to avoid the expense of contested legal

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

proceedings.  (*Id.* at 3).  The parties agree the outcome is uncertain and if this matter were to be litigated to an award by jury, all parties would be required to engage in costly litigation. (*Id.*).  Accordingly, this settlement is a reasonable means for all parties to minimize future risks and litigation costs.

This settlement occurred early in this action and before discovery, but, unlike a minimum wage claim or unpaid overtime claim, an EPA claim involves a more fact-specific inquiry that discovery might not resolve in a way consistent to its cost.  Relying on the parties' own knowledge, they had sufficient information at this early point to enable them to make an adequate assessment of the case.  In light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

Additionally, the undersigned has reviewed the proposed payment of attorneys' fees and costs and agrees it should be approved because it is reasonable.  *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").  The agreement regarding payment of Brasher's counsel's fees and costs was reached based on hourly fees billed and without regard to the amount paid to Brasher.  Brasher's attorneys are compensated adequately for the time and expense of drafting and filing pleadings and conducting settlement negotiations, and Brasher's claims were not compromised by any deduction of attorney's fees, costs, or expenses.

### III. Conclusion

The Confidential Full and Complete Release of All Claims and Nondisclosure Agreement is fair and reasonable under the circumstances. Accordingly, the settlement is due to be **APPROVED** and this matter **DISMISSED WITH PREJUDICE**. A separate order will be entered.

DONE this 12th day of July 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE